IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 2:09-00137

JOSEPH CLEVELAND FERRELL
MARK ANTHONY CANTRELL
SOUTHERN AMUSEMENT CO., INC.

RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT CANTRELL'S STANDARD DISCOVERY REQUESTS AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on August 20, 2010, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:   Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.  [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:**  None.

**Request B:   Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i)   Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control and the attorney for the government knows--or through due diligence could know--that the statement exists.  [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response**: Enclosed are three disks containing conversations of telephone calls made by defendant while incarcerated in the South Central Regional Jail.

**(ii)   The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.  [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response**: Previously provided (see Response to Request E below) were memoranda of interviews with defendant on July 8, 2009; on July 10, 2009 between 2 and 2:45 pm; on July 10, 2009 between 5:30 and 5:45 pm; on July 10, 2009 between 7 and 7:30 pm; and on July 13, 2009.

Also previously provided (see Response to Request E below) was a memorandum of interview with defendant on June 7, 2010, which is a record of statements made by defendant after arrest but not in response to interrogation by a person the defendant knew was a government agent.

**(iii)   The defendant's recorded testimony before a grand jury relating to the charged offense.   [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response**:  Enclosed is a copy of the transcript of the grand jury testimony of defendant on January 9, 2008.

**Request C:  Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent;**

or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.    [Fed. R. Crim. P. 16(a)(1)(C)]

Response:   Not applicable.

Request D:   Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]

Response:   An NCIC criminal history check for defendant is enclosed.

Request E:   Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]

Response:   The United States provided discovery to defendant Cantrell in Criminal Case No. 2:10-00088, now pending in this Court.   The United States incorporates those responses herein. (Copies of those responses, including the enclosures, are provided herewith to co-defendants Ferrell and Southern Amusement.)

The United States has provided to defendant Cantrell under separate cover the discovery materials previously provided to co-defendants Ferrell and Southern Amusement in this case in its discovery responses filed on July 7, 2009, July 13, 2009, August 6, 2009, October 9, 2009, and January 6, 2010.

Request F:  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.   [Fed. R. Crim. P. 16(a)(1)(F)]

Response:  None.

Request G:  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]

Response:  None.

Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.

Response:  None except as otherwise provided.

Request I:  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

Response:  None except as otherwise provided.

Request J:  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

Response:  None.

**Request K:  Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:**  Logan County, West Virginia, is within the Southern District of West Virginia.

**Request L:  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:**  None.

**Request M:  Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:**  The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal

case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

## REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:
/s/ Hunter P. Smith Jr.
Assistant United States Attorney
WV Bar No. 3467
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-
Email: hunter.smith@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT CANTRELL'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing and U.S. mail on this 3rd of September 2010, to:

Mark L. French, Esquire
405 Capitol Street, Suite 1007
Charleston, WV   25301

Robert B. Allen, Esquire
Laidley Tower, 8th Floor
Charleston, WV   25333-3394

Benjamin L. Bailey, Esquire
209 Capitol Street
Charleston, WV   25301

/s/ Hunter P. Smith Jr.
Assistant United States Attorney
WV Bar No. 3467
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-
Email:  hunter.smith@usdoj.gov