

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *Robert C. Byrd United States Courthouse* | *Mailing Address* |
| *300 Virginia Street, East, Suite 4000* | *Post Office Box 1713* |
| *Charleston, WV 25301.* | *Charleston, WV 25326-1713* |
| *Fax: (304) 347-5104* | *(304) 345-2200* |
| | *1-800-659-8726* |



January 27, 2011

Mark L. French, Esquire
405 Capitol Street
Suite 1007
Charleston, WV    25301

        Re:  United States v. Mark Anthony Cantrell
               Criminal No. 2:09-00137 (USDC SDWV)

              United States v. Mark Anthony Cantrell
               Criminal No. 2:10-00088 (USDC SDWV)

Dear Mr. French:

     This will confirm our conversations with regard to your client Mark Anthony Cantrell (hereinafter "Mr. Cantrell"). As a result of these conversations, it is agreed by and between the United States and Mr. Cantrell as follows:

     1.  **PENDING CHARGES.** In Criminal No. 2:09-00137 Mr. Cantrell is charged in a forty-count Third Superseding Indictment as follows:

        (a)  Count One charges Mr. Cantrell with a violation of 18 U.S.C. § 1962(c) (racketeering);

        (b)  Count Two charges Mr. Cantrell with a violation of 18 U.S.C. § 1955 (illegal gambling business);

        (c)  Counts Twenty-Three through Twenty-Eight charge Mr. Cantrell with violations of 18 U.S.C. §§ 1341 and 2(a) (mail fraud); and

                                                       *Defendant's*
                                                            *Initials*

Mark L. French, Esquire
January 27, 2011
Page 2

    (d)    Count Thirty-One charges Mr. Cantrell with a violation of 42 U.S.C. § 408(a)(4) and 18 U.S.C. § 2(a) (aiding and abetting Social Security fraud).

In Criminal No. 2:10-00088 Mr. Cantrell is charged in a one-count Indictment with a violation of 18 U.S.C. § 1001 (false statement).

    2.    **RESOLUTION OF CHARGES.** Mr. Cantrell will plead guilty to Count Thirty-One of the indictment in Criminal No. 2:09-00137, which charges him with a violation of 42 U.S.C. § 408(a)(4) and 18 U.S.C. § 2(a) (aiding and abetting Social Security fraud). Following final disposition, the United States will move the Court to dismiss Counts One, Two, and Twenty-Three through Twenty-Eight in Criminal No. 2:09-00137 as to Mr. Cantrell and will move to dismiss the indictment in Criminal No. 2:10-00088 as to Mr. Cantrell.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Cantrell will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of five years;

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A three-year term of supervised release;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664 or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Cantrell will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the

                                              Defendant's Initials

Mark L. French, Esquire
January 27, 2011
Page 3

name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Cantrell will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Cantrell fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Cantrell.

    5.    **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Cantrell agrees that he owes restitution to the United States in the amount of $40,092 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Cantrell further agrees as follows:

(a) Mr. Cantrell agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Cantrell will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Cantrell agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which she holds an interest.

(d) Mr. Cantrell agrees to cooperate fully with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and

*[signature]*
Defendant's
Initials

Mark L. French, Esquire
January 27, 2011
Page 4

        interest she may have in and to such property, and waives she right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

  (e)  Mr. Cantrell agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Mr. Cantrell to pay a greater or lesser sum of restitution in accordance with law.

  6.  **PAYMENT OF MONETARY PENALTIES.** Mr. Cantrell agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Cantrell further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

  7.  **COOPERATION.** Mr. Cantrell will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Cantrell may have counsel present except when appearing before a grand jury.

  8.  **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Cantrell, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by Mr. Cantrell pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal

                                                          Defendant's
                                                          Initials

Mark L. French, Esquire
January 27, 2011
Page 5

prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Cantrell for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Cantrell for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Cantrell stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Cantrell agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Cantrell, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Cantrell or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Cantrell or on his behalf. Mr. Cantrell knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right his has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Cantrell understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

_MAC_
Defendant's
Initials

Mark L. French, Esquire
January 27, 2011
Page 6

    11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Cantrell agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2B1.1(a)</u>

| | |
|---|---|
| Base offense level | 6 |

<u>USSG §2B1.1(b)(1)(F)</u>

| | |
|---|---|
| Loss of $40,092 | <u>6</u> |
| Adjusted Offense Level | 12 |

    The United States and Mr. Cantrell acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

    12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 10 above. Nonetheless, Mr. Cantrell knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 12. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 10.

                                                          Defendant's Initials

Mark L. French, Esquire
January 27, 2011
Page 7

Mr. Cantrell also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Cantrell knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Cantrell;

(f) Advise the Court concerning the nature and extent of Mr. Cantrell's cooperation; and

(g) Address the Court regarding the issue of Mr. Cantrell's acceptance of responsibility.

15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Cantrell violates the terms of this agreement, the other party will

Mark L. French, Esquire
January 27, 2011
Page 8

have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Cantrell in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Cantrell in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

R. BOOTH GOODWIN II
United States Attorney

By: *[signature]*,
HUNTER P. SMITH JR.
Assistant United States Attorney

HPS/das

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        2-9-11
MARK ANTHONY CANTRELL         Date Signed
Defendant

_____        2/9/2011
MARK L. FRENCH         Date Signed
Counsel for Defendant

Defendant's
Initials

## STIPULATION OF FACTS

The United States and defendant MARK ANTHONY CANTRELL stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the following:

1. In the spring of 2006 I was employed by Southern Amusement Co., Inc., which did business in Logan County, West Virginia and elsewhere within and outside of the Southern District of West Virginia. Southern Amusement was a Limited Video Lottery company. It was operated by Joe C. Ferrell.

2. In approximately the spring of 2006 Mr. Ferrell informed me of his desire to hire Ronald Price to work as a route driver for Southern Amusement. Ferrell asked me to locate Mr. Price.

3. I located Mr. Price in Logan County and told him Mr. Ferrell wanted him to come to work for Southern Amusement. Mr. Price told me that he was receiving Social Security disability benefits and that he would work for Southern Amusement only if he were paid in cash in order to conceal the fact of his employment by Southern Amusement from the Social Security Administration and, thus, continue to receive the disability benefits. I was aware that if the Social Security Administration learned that Mr. Price had obtained gainful employment, this would affect his right to receive disability benefits from the Social Security Administration.

4. Thereafter, I met with Mr. Ferrell at the offices of Southern Amusement in Logan, West Virginia and told him that Mr. Price would not take the job unless he were to be paid in cash in order to conceal his employment from the Social Security Administration and discussed this issue with him. Mr. Ferrell agreed to pay Mr. Price in cash to allow him to conceal his employment with Southern Amusement from the Social Security Administration.

5. I thereafter met again with Mr. Price in Logan County, West Virginia, and told him that Mr. Ferrell had agreed to pay him in cash in order to allow him to continue receiving disability benefits from the Social Security Administration. Mr. Price thereafter came to work for Southern Amusement.

6. From the spring of 2006 until I left employment with Southern Amusement, Mr. Ferrell paid Mr. Price in cash for his work as a route driver for Southern Amusement.

Stipulated and agreed to:

_____          2-9-11
MARK ANTHONY CANTRELL                    Date
Defendant

_____          2/9/2011
MARK L. FRENCH, Esquire                  Date
Counsel for Defendant

_____          2/14/2011
HUNTER P. SMITH JR.                      Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**