IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                        **CRIMINAL ACTION NO.: 2:09-cr-00137-003**

**MARK ANTHONY CANTRELL,**

    Defendant.

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, Mark Anthony Cantrell, by counsel Mark L. French of the law firm of Criswell & French, PLLC for his Sentencing Memorandum, and states as follows:

### THE SENTENCING GUIDELINES

There exist no objections with respect to the Presentence Investigation Report.

### 18 U.S.C. § 3553 (a) FACTORS

The Defendant argues that the factors set forth in 18 U.S.C. § 3553 (a) should compel this Court to sentence this Defendant to a reasonably low sentence. Each factor set forth in 18 U.S.C. § 3553 (a) is addressed in turn below:

1

**1.     18 U.S.C. § 3553 (a) (1)**

The Defendant has admitted the nature and circumstances of the offense, in that he has admitted her illegal actions.

**2.     18 U.S.C. § 3553 (a) (2) (A-D)**

Mr. Cantrell submits to the Court that there exists a reasonably low sentence this Court could impose that would satisfy the factors set forth in 18 U.S.C. § 3553 (a) (2) (A-D).

## MOTION FOR DOWNWARD DEPARTURE

Mr. Cantrell respectfully requests this court consider and grant a downward departure in this matter based upon Mr. Cantrell's extraordinary cooperation with law enforcement, cooperation which the Presentence Investigation Report does not fully set forth.

The undersigned was appointed to represent Mr. Cantrell on or about July 30, 2009 based upon the Government's investigation into a theft from gambling machines in a pizza parlor in Logan County, West Virginia, and Mr. Cantrell's alleged false statements to federal agents regarding his involvement in that occurrence. As this Court will likely recall, Mr. Cantrell originally agreed to plead guilty to making false statements to a federal agent, by way of Information, but that agreement dissolved just prior to the plea hearing which was scheduled for June 3, 2010.

Shortly after the plea by way of Information dissolved, Mr. Cantrell was arrested on a criminal complaint based upon the same charge, and an indictment in case 2:10-cr-

00088 quickly followed on or about June 10, 2010. Thereafter, on or about August 11, 2010, the Indictment in this case was superseded to name Mr. Cantrell a co-defendant with Joe C. Ferrell. The superseding indictment charged Mr. Cantrell with several additional crimes including the offense of conviction, Aiding and Abetting Social Security Fraud.

The Presentence Investigation Report does not fully set forth the extent and breadth of Mr. Cantrell's cooperation with the Government during their investigation into the illegal activities of Joe C. Ferrell. In late 2006, Mr. Cantrell approached a West Virginia State trooper who put Mr. Cantrell in touch with federal authorities so that Mr. Cantrell could provide information regarding Joe C. Ferrell and various other persons in southern West Virginia. In or about February, 2007 Mr. Cantrell met with federal authorities in Huntington, West Virginia and began his cooperation in earnest.

At various points in time throughout Mr. Cantrell's cooperation, Mr. Cantrell actually wore cameras and other recording devices and recorded illegal gambling operations in southern West Virginia. Mr. Cantrell continued to cooperate with federal authorities, speaking with federal agents several times a month when issues arose with the federal investigation. Mr. Cantrell's cooperation went beyond the investigation into Mr. Ferrell, and lead to the prosecution of various other individuals including, based upon information and belief, inspectors for various West Virginia state agencies including, but not limited to, the West Virginia lottery commission.

Through conversations and correspondence with the Assistant United States Attorneys assigned this matter, it is the opinion of the Government that Mr. Cantrell's

"assistance was ultimately outweighed by his criminal activities, which damaged [the Government's] case against Mr. Ferrell." In this regard, the only new charges Mr. Cantrell incurred were driving infractions, and an alleged burglary out of Kentucky, which, based upon information and belief, has been dismissed. (See paragraphs 50 and 51 of the Presentence Investigation Report). The only other new charge is a fugitive from justice charge related to the burglary charge out of Kentucky. (See paragraph 54 of the Presentence Investigation Report).

Regardless of the Government's position on substantial assistance in this matter, it is clear that Mr. Cantrell provided reliable and timely information to the Government that lead to the prosecution and conviction of several other persons, including Mr. Ferrell. This Court should take these matters into consideration when determining an appropriate sentence in this case.

## **OTHER FACTORS THIS COURT SHOULD CONSIDER**

Mr. Cantrell has demonstrated that he has put any past criminal activities on his part in his past. Mr. Cantrell has been regularly employed since November 7, 2010 as a scoop man in a coal mine, has earned his black hat mining certification, and is working approximately 55 hours per week. (See paragraph 69 of the Presentence Investigation Report). Mr. Cantrell married Chastity Dawn Sigmon on April 7, 2010, demonstrating stability in his life. Ms. Sigmon (now Cantrell) is a school teacher with three (3) children living in the home she shares with Mr. Cantrell.

The total offense level in this matter is 10, with no criminal history points. This advisory guideline range is in Zone B of the guidelines, indicating that a sentence that

does not call for incarceration may be warranted. Regarding a suggested sentence by the Defendant, should this Court determine confinement appropriate, Mr. Cantrell respectfully suggests a period of home confinement would be appropriate. This would allow Mr. Cantrell to retain his current employment while on home confinement. Moreover, as demonstrated by Mr. Cantrell's actions since his prosecution began, he is gainfully employed and is in a stable relationship with his now wife.

The public good would not be advanced by placing Mr. Cantrell in a federal penitentiary. Therefore, and based upon the above stated, Mr. Cantrell respectfully requests a sentence that does not include incarceration.

WHEREFORE, based upon the above stated, and for all other grounds as may appear on the record, the Defendant respectfully requests this Court consider and grant a downward departure based upon Mr. Cantrell extraordinary cooperation with the Government throughout the past five (5) years, impose a sentence that does not include incarceration and would allow Mr. Cantrell to continue working, along with all other and further relief this Honorable Court deems just and proper.

**MARK ANTHONY CANTRELL**
By counsel

/s Mark L. French             .
Mark L. French, Esquire
CRISWELL & FRENCH, PLLC
405 Capitol Street, Suite 1007
Charleston, West Virginia 25301
(304) 720-6220
WV State Bar ID No: 9061

5

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.                    CRIMINAL ACTION NO.:  2:09-cr-00137-003

MARK ANTHONY CANTRELL,

    Defendant.

## CERTIFICATE OF SERVICE

    I, Mark L. French, Esquire, do hereby certify that a true copy of the foregoing "*Sentencing Memorandum*" has been electronically filed and service has been made by virtue of such electronic filing upon:

Hunter P. Smith, AUSA
300 Virginia Street, East Rm 4000
Charleston, WV  25301

This the 16th day of August, 2011.

**MARK CANTRELL**
By counsel

/s Mark L. French        .
Mark L. French, Esquire
Criswell & French, PLLC
405 Capitol Street, Suite 1007
Charleston, WV  25301
W. Va. Bar ID No.: 9061